**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TERRANCE GARRETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 C 1398 |
| | ) | |
| COOK COUNTY, ILLINOIS, an Illinois | ) | Judge Dow |
| municipal corporation; THOMAS DART, Sheriff | ) | Magistrate Judge Valdez |
| of Cook County; DAVID FAGUS, Chief | ) | |
| Operating Officer of Cermak Health Services; | ) | |
| LEONARD BERSKY, former Chief Operating | ) | |
| Officer of Cermak Health Services; SALVADOR | ) | |
| GODINEZ, Executive Director of the Cook | ) | |
| County Department of Corrections; STEPHEN | ) | |
| MARTIN, Chief Operating Officer of the Cook | ) | |
| County Department of Public Health; DANIEL | ) | |
| WINSHIP, Chief of the Cook County Bureau of | ) | |
| Health Services; DR. PROZOROSKI; and | ) | |
| UNKNOWN COOK COUNTY SHERIFF'S | ) | |
| DEPUTIES. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS THOMAS DART, SHERIFF OF COOK COUNTY AND LEONARD BERSKY'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

NOW COME the Defendants, THOMAS DART, Sheriff of Cook County and LEONARD BERSKY, former Chief Operating Officer of Cermak Health Services, through their attorney, Anita Alvarez, State's Attorney of Cook County, through her assistant, Edgar L. Berre III, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, move this Honorable Court to dismiss the Plaintiff's Third Amended Complaint for failure to state a claim upon which relief may be granted states as follows:

## Introduction

The Plaintiff, Terrance Garrett, brings this action under the Civil Rights Act, Title 42 Section 1983 of the United States Code and challenges the Defendant alleging that while in the custody of the Cook County Department of Corrections ("CCDOC") he was denied adequate medical care. (Third Amended Complaint, ¶¶ 28 – 34).

## Background

Plaintiff makes the following allegations in his Third Amended Complaint ("Amnd. Compl.") filed November 24, 2009, assumed to be true for the purposes of this motion: Plaintiff alleges that he suffered from an abscessed tooth and was denied adequate medical care from September 2008 to January 2009. Amnd. Compl., ¶ 14. After submitting several medical requests slips seeking treatment and filing a grievance on September 18, 2008 he was examined by Dr. Prozorosky[1] on September 29, 2008 and it was determined that Plaintiff needed his front tooth to be pulled and his back tooth filled. *Id.*, C¶ 15 – 16. Upon examination Dr. Prozorosky refused to fill or treat Plaintiff's back tooth causing Plaintiff pain. *Id.*, ¶ 17. On September 30, 2008 Plaintiff against requested to be seen by a dentist by submitting a medical request slip and was seen by Dr. Prozorosky on October 6, 2008. *Id.,* ¶ 18 – 20. Upon examination Dr. Prozorosky determined that Plaintiff had an abscess in his back tooth and was prescribed antibiotics and pain medication. *Id.*, ¶ 20. Plaintiff alleges that Dr. Prozorosky told him that he would be seen again in one week's time, but was not seen again for nearly three months. *Id.*, ¶¶ 20 – 22.

Plaintiff asserts that "unknown officers" had knowledge of his "serious medical need" due to the grievance that he had filed on September 18, 2008 and/or through their own

---

[1] Incorrectly named as Prozoroski in this suit.

observations of him. *Id*. ¶ 15, 24. Through October 2008 to January 2009 Plaintiff continued to submit request slips asking to see the dentist which allegedly informed all named Defendants of his "serious medical condition and ongoing pain." *Id.*, ¶25. On January 26, 2009 Dr. Prozorosky filled Plaintiff's back tooth. *Id.*, ¶26.

## Standard of Review

Under Rule 12(b)(6) a claim may be dismissed if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (*quoting Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)). In reviewing a motion to dismiss, a district court's review is limited to the four corners of the complaint. *Gomez v. Illinois State Bd. of Ed.*, 811 F.2d 1030, 1039 (7th Cir. 1987). The court should take the well-pleaded factual allegations of the complaint and view them, as well as reasonable inferences drawn from them, in the light most favorable to the Plaintiff. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). Nevertheless, while a district court will dismiss a complaint when no relief can be granted under a set of facts consistent with the allegations, the court should not strain to find inferences not plainly apparent from the face of the complaint. *Hishon*, 467 U.S. at 73. Furthermore, it should be noted that "litigants may plead themselves out of court by alleging facts that may establish defendants' entitlement to prevail." *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998).

I. **PLAINTIFF FAILS TO ALLEGE A CAUSE OF ACTION AGAINST THOMAS DART, SHERIFF OF COOK COUNTY AND LEONARD BERSKY IN THEIR OFFICIAL CAPACITIES PURSUANT TO 42 U.S.C. § 1983**

Plaintiff, in his Third Amended Complaint, names Defendants Thomas Dart ("Dart") by his office, Sheriff of Cook County, and Leonard Bersky ("Bersky"), by his office as former Chief Operating Officer of Cermak Health Services thereby raising the presumption that they are sued only in their official capacities. *Duckworth v. Franzen*, 780 F.2d 645, 649 (7th Cir. 1985), *cert*.

3

*denied*, 479 U.S. 816 (1986). Actions brought against government officers in their official capacities are actually claims against the government entity for which the officers work. *Kentucky v. Graham*, 473 U.S. 159, 167 (1985). A local government entity is liable for damages only if a Plaintiff can show that the alleged constitutional violation occurred as a result of an official policy, custom or practice. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). The *Monell* court rejected a theory of *de facto respondeat superior* liability on governmental entities. *Monell* at 436 U.S. at 692. Furthermore, an affirmative link is required between the inadequacies alleged and the constitutional violation(s) at issue. *City of Oklahoma v. Tuttle*, 471 U.S. 808, 823-824, (1985). In other words, "there must be some knowledge or awareness – actual or implied – of the custom and its consequences showing the municipality's approval, acquiescence, or encouragement" of the constitutional violation. *Jones v. City of Chicago*, 787 F.2d 200, 204 (7th Cir. 1986). In *Jackson v. Marion County*, 66 F.2d 151, 153-54 (7th Cir. 1995), the Seventh Circuit stated:

> Allegations in a complaint are binding admissions...and admissions can of course admit the admitter to the exit from the federal courthouse...**So when** as in *Baxter by Baxter v. Vigo County School Corp.* 26 F.3d 728 (7th Cir. 1994) **the complaint names an official in his official capacity (making it a suit against the office, that is, the governmental entity itself) without a clue as to what the authority of the office is or what policy of the office the plaintiff believes violated his rights, the suit is properly dismissed on the pleadings.** (citations omitted)(emphasis added)

Courts are only willing to impute knowledge to policymakers of a widespread municipal practice where the plaintiff demonstrates a pattern of constitutional violations. *Id*. at 205. The number of violations necessary to put a policymaker on notice will depend upon "the connection between the policymaker and the conduct which caused the injury …" *Williams v. City of Chicago*, 658 F.Supp. 147, 152 (N.D. Ill. 1987). Thus, the further removed the violation is from

the actions of the policymaker himself, the more frequent the violations necessary to show notice to the policymaker. *Id*.

A single allegation of wrongdoing on the part of the defendant is insufficient to establish a policy, custom or practice. *Sivard v. Pulaski County*, 17 F.3d 185, 188 (7th Cir. 1994). Further, boilerplate allegations of a municipal policy or custom, without any [facts] to support the general allegations, are insufficient to state a § 1983 claim. *Hossman v. Blunk*, 784 F.2d 793, 797 (7th Cir. 1986); *Rodgers v. Lincoln Towing Service, Inc.*, 771 F.2d 194, 202 (7th Cir. 1985); *Strauss v. City of Chicago*, 760 F.2d 765, 767-769, (7th Cir. 1985).

In *Hossman*, the Court stated: "Alleging one specific incident in which the plaintiff suffered a deprivation and generally alleging a custom or policy will not be adequate; the plaintiff must allege a specific pattern or series of incidents that support the general allegation." *Id.*; *See also*: *Williams v. City of Chicago*, 525 F.Supp. 85 (N.D.Ill. 1981). In *Rodgers v. Lincoln Towing Service, Inc.*, 596 F.Supp. 13, 20 (N.D.Ill. 1984), the court stated, "[S]uch boilerplate allegations of an official policy, the existence of which is to be inferred not from something the municipality did but rather from its inaction, constitute one of the most prevalent forms of abuse in section 1983 actions."

Merely stating legal conclusions, without showing sufficient factual assertions, is not enough to assert the presumption of truth that is required to show a constitutional violation as Plaintiff has done here. The Court in *Ashcroft v. Iqbal,* 129 S.Ct. at 1937 (2009) held that where a respondent plead that the petitioners "knew of, condoned, and willfully and maliciously agreed to subject him to harsh conditions of confinement as a matter of policy, solely on account of his religion, race, and/or national origin and for no legitimate penological interest." *Iqbal* 129 S.Ct. at 1951. The *Iqbal* court held that these bare assertions amount to nothing more than a formulaic

recitation of the elements of a constitutional discrimination claim. As such, the allegations are conclusory and not entitled to be assumed true. *Id.* It is the conclusory nature of the allegations that disentitles them to the presumption of truth. *Id.* Here, the Plaintiff makes the same bare recitation of the elements of a constitutional claim, which were found to be insufficient in *Iqbal*. Here, Plaintiff does not allege that Defendants Dart and Bersky had any actual or implied knowledge of a widespread unconstitutional practice.

### A. Plaintiff Fails to Allege a Cause of Action as to Thomas Dart in his Official Capacity

In Count III of Plaintiff's Third Amended Complaint, he attempts to assert "failings" by "Defendants" in an effort to substantiate a viable claim against Dart under *Monell*. Plaintiff simply fails to allege specific policy supported by fact and attributable to Dart's official capacity that support Plaintiff's § 1983 claim of deliberate indifference. Plaintiff pleads Cermak Health Services is operated by the County of Cook and not by the Cook County Department of Corrections of the Cook County Sheriff's office. (Amnd. Compl. ¶ 5). Further, it only takes a brief review of the Cook County Sheriff's website to confirm that Cermak Health Services is neither supervised nor controlled by the Sheriff's Office. (http://www.cookcountysheriff.org/)[2]. Therefore, the only allegation that can be directed at Dart for having implemented or failed to implement a custom or policy that is not medically related or having to pertain to Cermak Health Services is the "fostering [of] an atmosphere whereby correction … personnel were encouraged to disregard or ignore serious medical needs of detainees." (Amnd. Compl., ¶ 43(f)).

---

[2] In ruling on a 12(b)(6) motion the court may take judicial notice of matters of public record without converting the motion to dismiss into a motion for summary judgment. *Anderson v. Simon,* 217 F.3d 472, 474-75 (7th Cir. 2000).

Such language amounts to mere boilerplate idioms that fly in the face of what Plaintiff pleads in his complaint. Plaintiff states that he submitted "several medical request slips seeking dental treatment and filed a grievance on September 19, 2008." Within 10 days Plaintiff was then seen by Dr. Prozorosky. Plaintiff again alleges to have submitted a medical request slip on September 30, 2008 and was then seen again by Dr. Prozorosky 6 days later. This brief lapse of time between the submission of either medical request slips or a grievance and the time in which Plaintiff is actually seen by Dr. Prozorosky does not amount to a deliberate indifference to Plaintiff's medical needs by any named Defendants, let alone Dart, as Plaintiff fails to allege any injury during this short period of time in which Plaintiff provided actual knowledge.

Although, Plaintiff states that he "continued to submit request slips asking to see the dentist from October 2008 to January 2009," at no time in his complaint does he indicate to whom he was submitting these slips and it cannot be inferred. There is simply no allegation of Dart's awareness or knowledge of the alleged "custom" and his approval, acquiescence or encouragement of the constitutional violation. Because Plaintiff fails in all aspects of his complaint to show some affirmative link between the boilerplate custom alleged and Plaintiff's deprivation of his constitutional rights Plaintiff's complaint must be dismissed as to Dart.

### B. Plaintiff Fails to Allege a Cause of Action as to Leonard Bersky in his Official Capacity

In order for Plaintiff to state a cause of action against Defendant Bersky in his official capacity under 42 U.S.C. § 1983, he must allege that he was responsible for enacting an official custom, policy, or practice that resulted in violation of his constitutional rights. *Monell*

436 U.S. 658, 691. However, as argued *supra*, Plaintiff has failed to state a claim against Bersky in his official capacity where Plaintiff alleges in his complaint Leonard Bersky is the *former* Chief Operating Officer of Cermak Health Services. (Amnd. Compl., ¶ 8). Cermak Health Services simply did not employ Bersky during the relevant time period. Therefore, Plaintiff cannot argue that Bersky is liable for instituting a widespread "custom and policy" of deliberate indifference at Cermak when he was not even employed there during Plaintiff's detainment at the CCDOC.

Assuming *arguendo* that Plaintiff has plead facts sufficient to hold Bersky liable, under § 1983, a suit against a government officer in his official capacity is actually a suit against the government entity for which the government officer works. *Kentucky v. Graham,* 473 U.S. 159, 165, (1985) *Hernandez v. O'Malley,* 98 F.3d 293, 296 (7th Cir. 1996); *Rascon v. Hardiman,* 803 F.2d 269, 274 (7th Cir. 1986). Therefore, because Plaintiff brings this action against Bersky in his official capacity as agent of Cermak Health Services he in actuality brings the action against the County of Cook. Since Plaintiff has filed his claims against Cook County, the claims against Bersky in his official capacity are redundant and should be dismissed. *DeGenova v. Sheriff of DuPage County,* 209 F.3d 973, 975 (7th Cir. 2000).

**II.     CLAIMS AGAINST THOMAS DART, SHERIFF OF COOK COUNTY REGARDING HIS DELIBERATE INDIFFERENCE TO PLAINTIFF'S MEDICAL NEED FAILS**

Assuming *arguendo*, that Dart did have knowledge of Plaintiff's medical needs, Plaintiff essentially concedes, given the facts plead, that Defendant did not deliberately ignore his need for dental treatment when they, based upon the filing of his grievance and medical slips, promptly referred Plaintiff to the dentist on September 29, 2008 and October 6, 2008. It is well-

established that a jail officer is entitled to defer to the judgment of a medical professional with regard to the appropriate way to treat an inmate. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (citing *Durmer v. O'Carroll*, 991 F.2d 64 (3d Cir. 1993) and *Johnson v. Doughty*, 433 F.3d 1001, 1011 (7th Cir. 2006)).

Judge Easterbrook, in the *Burks* opinion, essentially challenges the contention that any public employee who knows (or should know) about a wrong *must* do something to fix it. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise and certainly Section 1983 does not establish a system of vicarious responsibility. *Id.* at 594. The court in *Burks* clearly establishes; and rightly so, that Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. *Id*. at 7. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under *§1983* for not being ombudsmen. *Id.* A social worker, a grievance responder, and/or a Cook County Department of Corrections Officer is entitled to relegate to the prison's medical staff the provisions of good medical care. *Id*. at 595.

Once Plaintiff's grievance complaint or medical request slip was sustained and he was admitted and referred to the care of a dentist, Cook County Department of Corrections supervisors, social workers, correctional officers, grievance responders, and the Cook County Sheriff himself have thus fulfilled their duty. Liability for a constitutional violation does not attach to defendants who acted only within the scope of their employment and responsibility.

9

**Conclusion**

WHEREFORE Defendants, Thomas Dart, Sheriff of Cook County and Leonard Bersky for the foregoing reasons and the reasons laid out in their Motion to Dismiss, request this Honorable Court to dismiss the Plaintiff's Third Amended Complaint for failure to state a claim up on which relief can be granted.

        Respectfully submitted,

        ANITA ALVAREZ
        State's Attorney of Cook County

By:   */s/ Edgar L. Berre III*
        Edgar L. Berre III
        Assistant State's Attorney
        500 Richard J. Daley Center
        Chicago, IL 60602
        (312) 603-5170
        ARDC # 6282518