**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TERRANCE LAMONT GARRETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-cv-1398 |
| | ) | |
| THOMAS DART, ET AL., | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| Defendants. | ) | |

**AMENDED MEMORANDUM OPINION AND ORDER**

Plaintiff Terrance Garrett, originally *pro se*, brought this action against Cook County, Cook County Sheriff Thomas Dart, Chief Operating Officer of Cermak Health Services David Fagus, the former Chief Operating Officer of Cermak Health Services Leonard Bersky, Executive Director of Cook County Department of Corrections Salvador Godinez, Chief Operating Officer of the Cook County Department of Public Health Stephen Martin, Chief of the Cook County Bureau of Health Services Daniel Winship, Doctor Prozoski, and other unknown Cook County Sheriff's Deputies. Now represented by counsel and on his third amended complaint, Plaintiff alleges that Defendants failed to provide him with adequate medical care while he was a pre-trial detainee in the Cook County Department of Corrections in violation of 42 U.S.C. § 1983 (Counts I and III). Plaintiff also alleges state law claims of intentional infliction of emotional distress (Count II) and Indemnification (Count IV).

Defendants Dart and Bersky have moved to dismiss Plaintiff's claims against them in their official and individual capacities [47]. In his response brief, Plaintiff states that he wishes to voluntarily dismiss the claims against Bersky in his individual and official capacities. See Pl.'s Resp. at 2. Therefore, the Court will grant Defendants' motion [47] as it applies to Bersky.

Additionally, Defendants Martin, Godinez and Fagus have moved to dismiss Plaintiff's claims against them in their official and individual capacities [58]. On January 28, 2010, Plaintiff dismissed his individual capacity claim against Defendant Martin. See DE 63. Therefore, the Court only addresses the motion to dismiss as it pertains to Defendants Godinez and Fagus. The remaining Defendants have not moved to dismiss.

For the reasons stated below, the Court dismisses the individual capacity claims as to Bersky, Godinez, Fagus, and Dart for failure to state a claim. As previously stated, Plaintiff has already dismissed his individual capacity claim against Defendant Martin. The official capacity claims against Martin, Godinez, Fagus, and Bersky are dismissed as being redundant of Plaintiff's claims against the governmental entities that employ them. See *Kentucky v. Graham*, 473 U.S. 159, 167 (1985) (actions brought against government officers in their official capacities are actually claims against the government entity for which the officers work). Count III remains pending as to Defendant Cook County and Defendant Dart.

**I.      Background**[1]

From September 2008 to January 2009, Plaintiff, a pre-trial detainee at the Cook County Department of Corrections (CCDOC), suffered from an abscessed tooth, causing him to experience excruciating pain. After multiple requests, Plaintiff saw Defendant Prozoroski, a dentist, on September 29, 2009. Upon examination, Defendant Prozoroski concluded that one of Plaintiff's front teeth would have to be removed but the back tooth could be saved by filling. However, Defendant Prozoroski refused to treat the back tooth, stating that he "did not get paid

---

[1] For purposes of Defendants' motions to dismiss, the Court assumes as true all well-pleaded allegations set forth in the amended complaint. See, *e.g.*, *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

enough by Cook County to fill teeth." As a result, Plaintiff continued to endure excruciating, ongoing pain.

On September 30, 2008, Plaintiff again requested treatment for his back tooth. Defendant Prozoroski examined Plaintiff on October 6, 2008. Defendant Prozoroski determined that Plaintiff had an abscess in his back tooth and wrote a prescription for antibiotics and pain medicine. Defendant Prozoroski informed Plaintiff that he would follow-up with Plaintiff in approximately one week, once the swelling in Plaintiff's gums had subsided. From October through January 2009, Plaintiff requested further medical attention and experienced "terrible pain and difficulties with the same tooth that Defendant Prozoroski examined but had not * * * treated." Compl. at ¶ 22. On January 26, 2009, Defendant Prozoroski filled Plaintiff's tooth. On January 31, 2009, Plaintiff filed a grievance, alleging unnecessary delay in treating his back tooth, and on March 5, Plaintiff filed this lawsuit.

## II.  Legal Standard on a Rule 12(b)(6) Motion

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*,

550 U.S. at 555). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true, * * * 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

**III.    Analysis**

Section 1983 creates a cause of action against "[e]very person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The § 1983 claims of a pretrial detainee are analyzed under the Fourteenth Amendment's Due Process Clause rather than under the Eighth Amendment. *Butera v. Cottey,* 285 F.3d 6901, 605 (7th Cir. 2002). Nonetheless, the claim is still "analyzed under the Eighth Amendment test." *Henderson v. Sheahan,* 196 F.3d 839, 844 n. 2 (7th Cir. 1999).

There are two ways in which a government actor may be sued: in his official capacity (*Monell)* or his individual (sometimes called "personal") capacity. Generally, an official capacity suit is brought against a high-ranking official as a means of challenging an

unconstitutional policy, practice, or custom. See *Hill v. Shelander*, 924 F.2d 1370, 1372 (7th Cir. 1991). Suing a government employee in his official capacity is akin to suing the entity that employs him and the standard for liability is the same. See, *e.g.*, *Kentucky v. Graham*, 473 U.S. 159 (1985). By contrast, an individual capacity suit requires a showing of personal involvement by the government actor. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

    A.    *Monell* **Claim**

It is well established that a suit against an officer in his official capacity is a suit against the government entity for which the officer works. *Kentucky v. Graham,* 473 U.S. 159, 165-55 (1985). Plaintiff's suit against Defendants Martin, Godinez, Fagus, and Bersky their official capacities is therefore treated as a suit against Cook County and the Sheriff in his official capacity. Since Plaintiff already has brought suit against Cook County and Sheriff Dart in his official capacity, the official capacity claims against Defendants Martin, Godinez, Fagus, and Bersky are dismissed as being redundant.[1]

---

[1] The same is not true of Defendant Dart. Illinois law establishes that the Sheriff is an "independently elected county officer and is not an employee of the county in which the sheriff serves." *Carver v. Sheriff of LaSalle County,* 787 N.E.2d 127, 136 (Ill. 2003) ("*Carver I*"). In *Carver v. Sheriff of LaSalle County,* 324 F.3d 947 (7th Cir. 2003) ("*Carver II*"), the Seventh Circuit held that 745 ILCS 10/9-102 required a county to pay for a judgment entered against the county sheriff in his official capacity. *Carver II,* 324 F.3d at 948. It is the responsibility of the Sheriff to appoint and hire deputies (55 ILCS 5/3-6008 (West 2000)), to act as custodian of the county courthouse and jail (55 ILCS 5/3-6017 (West 2000)), and to act as the county's supervisor of safety (55 ILCS 5/3-6035 (West 2000)). The Sheriff's office is financed by public funds, appropriated to that office by Cook County. See, *e.g.,* 55 ILCS 5/4-6003 (West 2000) (the county board "shall fix the compensation of sheriffs, with the amount of their necessary clerk hire, stationery, fuel, and other expenses"); 55 ILCS 5/5-1106 (West 2000) (county board obligated to "provide proper rooms and offices for the accommodation" of the sheriff, as well as "reasonable and necessary expenses for the use of the sheriff"). Thus, "a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer * * * [and][b]ecause state law requires the county to pay, federal law deems it an indispensable party to the litigation." *Carver II,* 324 F.3d at 948. Thus, in the present case, if Plaintiff's *Monell* claim survives, both the Sheriff and Cook County are necessary parties. See also *Askew v. Sheriff of Cook County, Ill.*, 568 F.3d 632, 636 (7th Cir. 2009).

To impose § 1983 liability on government entities, as requested in Count III, Plaintiff must establish the existence of an official policy or custom on one of three theories: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority. *Phelan v. Cook County,* 463 F.3d 773, 789 (7th Cir. 2006) (quoting *Roach v. City of Evansville,* 111 F.3d 544, 548 (7th Cir. 1997)); see *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658 (1978). Plaintiff is not required to meet a heightened pleading standard for a § 1983 official-capacity claim. See *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168 (1993); *Simpson v. Nickel,* 450 F.3d 303, 306 (7th Cir. 2006). Thus, Plaintiff need not plead particular facts upon which he bases his claim of an official policy or custom, and a "short and plain statement" that a government entity's official policy or custom caused his injury is sufficient to survive a motion to dismiss. *Id.;* see Fed. R. Civ. P. 8(a)(2).

"The allegation of a single incident of unconstitutional conduct by a municipal employee usually does not establish a sufficient basis for suing the municipality." *Powe v. City of Chicago*, 664 F.2d 639, 650 (7th Cir. 1981). "By contrast, the allegation of a pattern of conduct or a series of acts violative of constitutional rights will in many cases raise an inference of municipal policy." *Id*. at 651. The policy can be viewed as "systemic in nature" if the plaintiff sustains the same constitutional deprivation multiple times – even if those deprivations arise from a single series of facts. *Id*. (holding that a plaintiff who was arrested multiple times on the same vague warrant successfully alleged a *Monell* violation because multiple employees in different departments were involved in failing to create an adequate description four times).

Based on the preceding case law, Defendants contend that Plaintiff's complaint contains boilerplate allegations (see *Hossman v. Blunk*, 784 F.2d 793, 797 (7th Cir. 1986)), and that Plaintiff's claim must be dismissed for failure to allege more than a single instance of wrongdoing (see *Sivard v. Pulaski County,* 17 F.3d 185, 188 (7th Cir. 1994)).

Plaintiff's complaint sufficiently alleges *Monell* liability under § 1983 as to Count III. Plaintiff alleges that the customs, policies and practices of the institutional Defendants caused Plaintiff's harm and that the institution charged with ensuring adequate health care to pre-trial detainees "utterly failed to provide the most basic health care commensurate with a civilized society." Compl. at ¶ 42. Plaintiff then details the alleged failures, including: (1) failing to maintain a grievance system or other procedure whereby painful dental conditions are cared for in a timely manner; (2) understaffing of dentists and hygienists; (3) lack of emergency medical care; (4) failing to provide restorative care; (5) failing to treat sever dental conditions, which can lead to severe medical conditions; and (6) fostering an atmosphere in which corrections and medical personnel were encouraged to disregard or ignore the serious medical needs of detainees. *Id.* at ¶ 43. Furthermore, Plaintiff's response alleges that on July 11, 2008, in a report to Defendant Dart, the U.S. Department of Justice found that the medical care provided by Cook County Jail fell below the constitutionally required standards of care, conceivably putting the institution on notice of constitutional violations within the jail. Plaintiff's complaint contains a sufficiently "short and plain statement" that a government entity's official policy or custom caused his injury. When read in a light most favorable to Plaintiff, the facts alleged adequately state a cause of action for § 1983 municipal liability.

Relying on *Sivard v. Pulaski County,* 17 F.3d 185, 188 (7th Cir. 1994), Defendants also argue that Plaintiff's claim must be dismissed for failure to allege more than a single instance of

7

wrongdoing. Although Plaintiff has not identified any other person who was a victim of Cook County's allegedly unconstitutional policies, he does, as described above, allege that these practices constitute an ongoing custom, policy, or practice that harms pre-trial detainees. Furthermore, *Sivard* involved a motion for summary judgment, not a motion to dismiss, and does not address notice pleading standards. See *Sivard*, 17 F.3d at 187; *Frieri v. City of Chicago,* 127 F. Supp. 2d 992, 995 (N.D. Ill. 2001) (observing that *McCormick's* holding that "boilerplate allegations" are sufficient to plead municipal liability under § 1983 clarifies confusion created, in part, by *Sivard).* Moreover, although Plaintiff has not identified any other person who was a victim of Defendants' alleged policies, reading the facts most favorably to Plaintiff, Defendants repeatedly violated his constitutional rights. Plaintiff's requests for dental treatment were repeatedly ignored and they continued to be ignored even after he informed staff that he was still in pain. In addition, although Defendants state that the Court cannot infer to whom Plaintiff was submitting his requests, it is a reasonable inference that, considering Plaintiff was a detainee, he would have submitted the requests to a Cook County sheriff's deputy, an employee of the Cook County Department of Corrections, an employee of Cermak Health Services, or another employee whom one of the Defendants supervised. Those facts, when read in a light most favorable to Plaintiff, adequately state a cause of action for § 1983 municipal liability, and Plaintiff's complaint, when taken as a whole, sufficiently alleges the existence of official policies or customs that deprived Plaintiff of his constitutional rights. See *Phelan,* 2006 WL 2690986, at *13 (citing *Roach,* 111 F.3d at 548) (emphasis added).

### B. Section 1983 Individual Capacity Claims

Pretrial detainees have a right to adequate medical care under the Fourteenth Amendment, and those claims are assessed using the same standards for deliberate indifference

that the courts use for a detained prisoner's Eighth Amendment claims. *Williams v. Rodriguez,* 509 F.3d 392, 401 (7th Cir. 2007); *Cavalieri v. Shepard,* 321 F.3d 616, 620 (7th Cir.2003) ("The Eighth Amendment does not apply to pretrial detainees, but as a pretrial detainee, [plaintiff] was entitled to at least the same protection against deliberate indifference to his basic needs as is available to convicted prisoners under the Eighth Amendment."). Deliberate indifference has both objective and subjective aspects; the inmate must have an objectively serious medical condition, and the prison official must be subjectively aware of and consciously disregard the inmate's medical need. *Grieveson v. Anderson,* 538 F.3d 763, 775 (7th Cir.2008) (citing *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir.2001)).

An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes v. Snyder,* 546 F.3d 516, 522 (7th Cir.2008). Defendants do not argue that Plaintiff has not met the objective requirement.

To satisfy the subjective prong of deliberate indifference, a plaintiff must allege that the defendants in question were aware of and consciously disregarded the inmate's medical need. *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Usually, mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. See *Johnson v. Doughty,* 433 F.3d 1001, 1013 (7th Cir. 2006). At least at the pleading stage, though, certain denials of treatment can be so gross to warrant an inference of deliberate indifference. *Duncan v. Duckworth,* 644 F.2d 653, 654-55 (7th Cir.1981) (noting that initial failure to properly diagnose an injury may be mere error in judgment, but the failure to schedule surgery for twenty-two months, after the need was recognized, created an inference of deliberate indifference); see also *Ralston v. McGovern,* 167 F.3d 1160 (7th Cir.1999) ( "[T]he

civilized minimum [concern for a prisoner's medical need] is a function both of objective need and of cost. The lower the cost, the less need has to be shown, but the need must still be shown to be substantial.").

Additionally, a plaintiff must establish that the defendant was personally responsible for a deprivation of a constitutional right. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). "An official satisfies the personal responsibility requirement of Section 1983 if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent." *Id.* "[S]upervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). "In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery." Gentry, 65 F.3d at 561.

Count I of Plaintiff's third amended complaint, prepared with the assistance of counsel, alleges a § 1983 claim for failure to provide medical care. Plaintiff clearly limits the allegations in Count I to Defendant Prozoroski and "unknown officers." In Count I, Plaintiff does not include any allegations against Defendants Dart, Godinez, or Fagus.

Defendants contend that Plaintiff has failed to allege any personal responsibility on their part for the alleged inadequate dental care and the resulting constitutional deprivation. According to Defendants, Plaintiff's "threadbare pleading" is insufficient to withstand even a liberal pleading standard. See Dart Reply at 2. Indeed, merely reciting the roles of the Defendants – for example, in the case of Defendant Dart, "Dart was at all relevant times the Sheriff of Cook County and was acting under color of law * * * * [H]e is responsible for formulating and supervising the policies, customs, and regulations of the Sheriff's Office of

Cook County" – is insufficient to allege an individual capacity claim given these facts. Some causal link between the individual defendant and the action complained about is necessary.

In his response brief, Plaintiff argues that Defendants' alleged knowledge of the inadequate dental care provided to pretrial detainees and their failure to enact proper procedures and policies to prevent the constitutional violations make them liable in their individual capacities. That argument is flawed in at least two respects. First, a plaintiff may not amend his complaint by way of arguments made in his response brief. See *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993); *Tate v. Illinois Worker's Compensation Com'n*, 2010 WL 1418400, at *2 n.3 (N.D. Ill. Apr. 6, 2010). Second, those allegations are more akin to official capacity claims and do not allege "personal responsibility" on the part of Defendants Dart, Godinez, and Fagus. See *Sanville v. McCaughtry*, 266 F.3d 724, 739 (7th Cir. 2001) ("failure to train claims are usually maintained against municipalities, not against individuals"); *Atkins v. City of Chicago*, 2009 WL 1209032, at *1 (noting that § 1983 individual capacity claim premised on defendant's "asserted failure to train to train and to institute policies and procedures" resembled an official capacity claim). Not surprisingly, Count III, which Plaintiff has labeled his "Monell claim," deals with Defendants failure to implement policies designed to provide constitutionally adequate dental care to pretrial detainees in the Cook County Jail. Those allegations, which the Court already determined survive Defendants' motion to dismiss, are not part of Count I as currently pled. Merely linking the deliberate indifference and *Monell* claims together will not survive even a liberal pleading standard.

In sum, Count I of Plaintiff's third amended complaint as currently pled, which does not even refer to Defendants Dart, Godinez, and Fagus, fails to state individual capacity claims

against any of those Defendants. Therefore, the individual capacity claims against Defendants Dart, Godinez, and Fagus are dismissed without prejudice.

### IV. Conclusion

For these reasons, the Court grants in part and denies in part Defendants Dart and Bersky's motion to dismiss [47] and grants in part and denies in part Defendants Martin, Godinez and Fagus's motion to dismiss [58]. The Court dismisses the individual capacity claims against Bersky, Godinez, Fagus, and Dart for failure to state a claim. As previously stated, Plaintiff already has dismissed his individual capacity claim against Defendant Martin. Count III remains pending as to Defendant Cook County and Defendant Dart; however, the official capacity claims against Martin, Godinez, Fagus, and Bersky are dismissed as being redundant of Plaintiff's claim against the governmental entity that employs them.

Dated: July 8, 2010                               _____
                                                                    Robert M. Dow, Jr.
                                                                    United States District Judge